UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA PERSH-BOGDEN,                         Case No. 08-13652

       Plaintiff,                                      Arthur J. Tarnow
                                                        United States District Judge
vs.
                                                        Michael Hluchaniuk
KRAUS CARPET MILLS,                         United States Magistrate Judge

       Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT
WITNESS AND FOR SANCTIONS (Dkt. 25)**

## I.    PROCEDURAL HISTORY

The present complaint was filed initially in state court on June 16, 2008, and removed to federal court on August 22, 2008. (Dkt. 1). The complaint alleges injuries to plaintiff as a result of "Defendant's negligent design, installation, inspection and warnings" with respect to a "display" unit that defendant apparently sold to plaintiff.

Defendant initiated discovery by serving interrogatories and requests to produce on October 2, 2008. A scheduling conference was held on October 30, 2008, and certain deadlines were established for the future course of the lawsuit.

1

One of those deadlines was the exchange of witness lists, which was supposed to take place by November 14, 2008. Defendant filed its witness list on November 13, 2008 (Dkt. 12), but plaintiff did not file her witness list until November 25, 2008. (Dkt. 14). Plaintiff's witness list did not include an expert witness relating to the question of liability. Plaintiff filed an amended witness list on February 27, 2009, which included the name of Jay T. Grisim, who was identified as an "expert," but no additional information was provided as to the nature of Mr. Grisim's expertise.

The interrogatories served on October 2, 2008, were not responded to within the normal 30-day period and a stipulated order was entered on November 12, 2008, requiring the interrogatories to be answered by November 24, 2008. (Dkt. 11). Some of the interrogatories dealt with expert witness issues. On November 26, 2008, defendant served a second set of interrogatories on plaintiff that were more specifically addressed to expert witnesses. When the second set of interrogatories were not answered, on March 3, 2009, defendant filed a motion for sanctions based on plaintiff's failure to respond. (Dkt. 18). The motion for sanctions was withdrawn (Dkt. 21) and the parties stipulated to an order on March 27, 2009, which required plaintiff to answer the second set of interrogatives no later than April 7, 2009. (Dkt. 22). Plaintiff did not respond on April 7, 2009, but

rather, provided a response on April 14, 2009, which included a statement from plaintiff's expert, Mr. Grisim, that he had not yet formed an opinion. (Dkt. 25, Ex. H).

The present motion was filed on April 22, 2009. (Dkt. 25). The motion was referred to the undersigned on the same day. (Dkt. 26). A response to the motion was filed on May 7, 2009. (Dkt. 28). The parties filed a joint statement of resolved and unresolved issues on May 14, 2009, which, in part, indicated that plaintiff provided, on May 13, 2009, an expert witness response to defendant's second interrogatories, including an opinion regarding the liability question in the lawsuit (Dkt. 29). The Court held a hearing on the motion, via conference call, on May 21, 2009.

## II.     ANALYSIS AND CONCLUSION

Based on the pleadings of the parties and the arguments of counsel during the May 21, 2009 hearing, the undersigned finds that plaintiff did not act with due diligence regarding her responses to discovery requests relating to expert witness issues. Plaintiff entered into a stipulation calling for expert witness information to be provided by April 7, 2009, and it was not provided, apparently, until May 13, 2009. Plaintiff's explanation for not providing such information by that agreed-to date were not satisfactory in that they included factors that were known before

3

plaintiff entered into the stipulation.  Defendant's request that plaintiff's expert witness be stricken as a sanction for late disclosure seems too severe a remedy, in part, because at present defendant has not suffered any prejudice to the merits of its case.  However, sanctions, based on plaintiff's failure to respond to defendant's discovery requests in a timely fashion, are appropriate and, therefore, plaintiff is ordered to forthwith pay to defendant the sum of $500, which represents reasonable expenses, including attorney fees, incurred by defendant in pursuing this matter in light of plaintiff's conduct.  This award is made pursuant to, and under the authority of, Federal Rule of Civil Procedure 37(c)(1)(A).

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: May 21, 2009　　　　　　　　　　　　s/Michael Hluchaniuk
　　　　　　　　　　　　　　　　　　　　　Michael Hluchaniuk
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on May 21, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Alexander H. Benson, Steven M. Potter, and Rick J. Patterson, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): not applicable.

                                                  s/James P. Peltier  
                                                  Courtroom Deputy Clerk  
                                                  U.S. District Court  
                                                  600 Church Street  
                                                  Flint, MI 48502  
                                                  (810) 341-7850  
                                                  pete_peltier@mied.uscourts.gov